IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HAYWOOD THOMAS,**

    Plaintiff,

vs.                                                       CASE NO. 4:05CV129-SPM/AK

**TALLAHASSEE COMMUNITY COLLEGE**, et al,

    Defendants.

_____/

**O R D E R**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the Defendants, acting under color of state law, suspended him from classes for some unspecified speech and without a hearing; thereby violating his First and Fourteenth Amendment rights. (Doc. 1). He has also moved for leave to proceed in forma pauperis. (Doc. 2). Leave to proceed shall be **GRANTED**.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Further, local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have

been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court. Consequently, the Clerk will mail to him another civil rights complaint for non-prisoners that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff should provide facts detailing what the nature of the "speech" was and what happened exactly with dates and a sequence of events. Types of speech and the circumstances of the speech and the consequences of the speech make differences in analyzing a First Amendment claim. Plaintiff should also provide details about his due process claim, i.e. about the suspension and his allegation that he did not have an opportunity for a hearing. Copies of any papers he received regarding his suspension would be helpful to the Court and the defendants, if the Court determines that service upon them is appropriate. Plaintiff is also advised that his claims against the college are not viable under section 1983, since it proscribes the activity of persons, not facilities, such that the college should not be listed as a defendant in an amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first

**No. 4:05cv129-spm/ak**

page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form for non-prisoners.

2. Plaintiff must respond to this order by **August 15, 2005.**

**No. 4:05cv129-spm/ak**

Case 4:05-cv-00129-SPM-AK   Document 6   Filed 07/18/05   Page 4 of 4

Page 4 of 4

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **18th** day of July, 2005.

                              s/ A. KORNBLUM
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

**No. 4:05cv129-spm/ak**